IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAVEL NEDELKU and LYUDMILA  )    3:12-cv-651-PA
NEDELKU                         )    **ORDER**
                                )
        Plaintiffs,       )
                                )
    v.                         )
                                )
WELLS FARGO BANK, N.A.,      )
NORTHWEST TRUSTEE SERVICES,   )
INC. and FEDERAL NATIONAL     )
MORTGAGE ASSOCIATION,        )
                                )
        Defendants.      )

**PANNER, J.**

     Defendants move to dismiss this action challenging a completed non-judicial foreclosure sale. Defendants motion (#12) is GRANTED. This action is dismissed, with prejudice.

### Background

     Plaintiffs admit obtaining a loan from defendant Wells Fargo, secured by a deed of trust, to purchase the real property at issue. (Compl. ¶ 5.) Plaintiffs allege Wells Fargo transferred its beneficial interest in the note and deed of trust, and that the assignments were not recorded in the county land records. Id. Plaintiffs admit defendants sold the property at a non-judicial

foreclosure sale, but argue the trustee lacked authority to conduct the sale due to a failure to record all assignments, and a failure to record the appointment of a successor trustee. Id. at ¶ 8. Plaintiffs filed this complaint five months after the trustee's sale. Plaintiffs seek a declaration that the sale was improper.

At oral argument, plaintiffs admitted to: signing the loan documents; receiving the funds; being in default on the obligation at the time of the sale; and having prior notice of the sale.

### Standard

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and
conclusions." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555
(2007). Therefore, if the well-pleaded factual allegations
plausibly give rise to the relief sought, a court shall deny the
motion to dismiss. <u>Iqbal</u>, 129 S.Ct. at 1950.

## **Discussion**

As noted, plaintiffs only challenge the fact that defendants
allegedly failed to record (1) all assignments of the deed of
trust, and (2) the appointment of a successor trustee. Plaintiffs
admit being in default at the time of the sale, and to receiving
notice of the sale. Plaintiff filed this action five months after
the trustee's sale and the recording of the trustee's deed.

After briefings were filed in this case, I issued an opinion
in a case involving similar issues. <u>See</u> <u>Mikityuk v. Northwest Tr.</u>
<u>Servs., Inc.</u>, 2013 WL 3388536 (D. Or.). There, plaintiffs waited
nineteen months after the sale before filing the complaint. <u>Id.</u>
at *1. After examining both ORS 86.770(1), which states the
trustee's sale "forecloses and terminates" one's property
interest in certain scenarios, and the dual objectives of the
Oregon Trust Deed Act, I concluded:

> The legislature provided notice and reinstatement
> provisions to protect grantors against the threat of
> wrongful foreclosure. [<u>Staffordshire Investments, Inc.,</u>
> <u>v. Cal-Western Reconveyance Corp.</u>, 209 Or. App. 528,
> 542 (2006).] Voiding the sale here would encourage
> grantors who receive notice of a sale to sit on their
> rights, rather than compelling grantors to bring pre-
> sale challenges to a trustee's sale. Grantors are wise
> to raise any challenges to non-judicial foreclosure
> proceedings, including challenges based on ORS 86.735,
> before the statutory presumption of finality contained
> in ORS 86.780. Post-sale challenges run the risk of
> being barred, as is the case here, because the
> grantors' interest in the property was "foreclosed and
> terminated" pursuant to ORS 86.770(1).

3 - ORDER

<u>Mikityuk</u>, 2013 WL 3388536 at *10.

Like the plaintiffs in <u>Mikityuk</u>, plaintiffs' challenges to the non-judicial foreclosure sale here are barred. As plaintiffs received advance notice of the sale, their interest in the property was "foreclosed and terminated." ORS 86.770(1). Therefore, for the reasons discussed in <u>Mikityuk</u>, this action is dismissed, with prejudice.

### Conclusion

Defendant's motion to dismiss (#12) is GRANTED. This action is dismissed, with prejudice.

IT IS SO ORDERED.

DATED this _19_ day of July, 2013.

Owen M. Panner
United States District Judge