IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PAVEL NEDELKU and LYUDMILA NEDELKU | ) ) ) | 3:12-cv-651-PA **ORDER** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| WELLS FARGO BANK, N.A., NORTHWEST TRUSTEE SERVICES, INC. and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) ) ) | |
| Defendants. | ) | |

**PANNER, J.**

Defendants move to dismiss this action challenging a completed non-judicial foreclosure sale. Defendants motion (#12) is GRANTED. This action is dismissed, with prejudice.

### Background

Plaintiffs admit obtaining a loan from defendant Wells Fargo, secured by a deed of trust, to purchase the real property at issue. (Compl. ¶ 5.) Plaintiffs allege Wells Fargo transferred its beneficial interest in the note and deed of trust, and that the assignments were not recorded in the county land records. Id. Plaintiffs admit defendants sold the property at a non-judicial

1 - ORDER

foreclosure sale, but argue the trustee lacked authority to conduct the sale due to a failure to record all assignments, and a failure to record the appointment of a successor trustee. <u>Id.</u> at ¶ 8. Plaintiffs filed this complaint five months after the trustee's sale. Plaintiffs seek a declaration that the sale was improper.

At oral argument, plaintiffs admitted to: signing the loan documents; receiving the funds; being in default on the obligation at the time of the sale; and having prior notice of the sale.

### Standard

On a motion to dismiss, the court must review the sufficiency of the complaint. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. <u>Id.</u>

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. <u>Id.</u> All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>American Family Ass'n, Inc. v. City & County of San Frncisco</u>, 277 F.3d 1114, 1120 (9th Cir. 2002). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his

2 - ORDER

'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

## Discussion

As noted, plaintiffs only challenge the fact that defendants allegedly failed to record (1) all assignments of the deed of trust, and (2) the appointment of a successor trustee. Plaintiffs admit being in default at the time of the sale, and to receiving notice of the sale. Plaintiff filed this action five months after the trustee's sale and the recording of the trustee's deed.

After briefings were filed in this case, I issued an opinion in a case involving similar issues. See Mikityuk v. Northwest Tr. Servs., Inc., 2013 WL 3388536 (D. Or.). There, plaintiffs waited nineteen months after the sale before filing the complaint. Id. at *1. After examining both ORS 86.770(1), which states the trustee's sale "forecloses and terminates" one's property interest in certain scenarios, and the dual objectives of the Oregon Trust Deed Act, I concluded:

> The legislature provided notice and reinstatement provisions to protect grantors against the threat of wrongful foreclosure. [Staffordshire Investments, Inc., v. Cal-Western Reconveyance Corp., 209 Or. App. 528, 542 (2006).] Voiding the sale here would encourage grantors who receive notice of a sale to sit on their rights, rather than compelling grantors to bring pre-sale challenges to a trustee's sale. Grantors are wise to raise any challenges to non-judicial foreclosure proceedings, including challenges based on ORS 86.735, before the statutory presumption of finality contained in ORS 86.780. Post-sale challenges run the risk of being barred, as is the case here, because the grantors' interest in the property was "foreclosed and terminated" pursuant to ORS 86.770(1).

3 - ORDER

Mikityuk, 2013 WL 3388536 at *10.

Like the plaintiffs in Mikityuk, plaintiffs' challenges to the non-judicial foreclosure sale here are barred. As plaintiffs received advance notice of the sale, their interest in the property was "foreclosed and terminated." ORS 86.770(1). Therefore, for the reasons discussed in Mikityuk, this action is dismissed, with prejudice.

## Conclusion

Defendant's motion to dismiss (#12) is GRANTED. This action is dismissed, with prejudice.

IT IS SO ORDERED.

DATED this __19__ day of July, 2013.

/s/ Owen M. Panner
Owen M. Panner
United States District Judge

4 - ORDER